THOMAS FISH v. PULLMAN PALACE CAR CO.

DEFENSE TO ACTION FOR SERVICES, ALLEGING OVERPAYMENT AND INVOLVING COMPLICATED ACCOUNTS NOT APPEALABLE.

In an action brought before a justice of the peace to recover the value of services rendered under a contract, and for damages for the breach of a contract, an appeal was taken by the defendant to the court of common pleas, from the judgment rendered by the magistrate. In the appellate court the defendant filed an answer denying the allegations of the petition as to the breach of the contract, and by way of cross-petition set up a claim for money against the defendant, alleging a mistake in a settlement made between the parties, and an overpayment made by defendant to plaintiff, praying for an account to be taken of their dealings under the contract between them, and that the defendant be credited with the amount found to be due him. Held: The issues presented are triable by jury and an appeal in such case did not lie to the circuit court

Motion to dismiss appeal.

SMITH, J.

This action was brought by Fish before a justice of the peace to recover $50.00. After a judgment in favor of the plaintiff, the defendant company appealed to the court of common pleas. In that court the plaintiff filed a petition containing two causes of action. In the first he claimed to recover $25, his wages, for services rendered the defendant as a conductor for a palace car for the

month of May, 1890. By the second he alleged his employment for the month of June, 1890, at the same price ($25), and claimed that he served from June 1 to June 10, when he was wrongfully discharged by the defendant to his damage $25.00.

In that court defendant filed an answer and cross-petition. The first defense in substance denied the allegations of the second cause of action. 2nd. It alleged a reason for the discharge of the plaintiff. And by a cross-petition,, 1st, it admitted plaintiff's first cause of action to be correct, but set up counterclaims against both as follows: That plaintiff had been employed in the same capacity during the month of March, 1890, and his services as such and on commissary account was settled between them about March 31, 1890, and a balance was shown in favor of plaintiff, which, by mistake and inadvertence, was paid to him, and that he was overpaid 49 cents. 2d. The plaintiff was also so employed during the month of April, and settled therefor April 30, and $25 found to be due plaintiff, which was paid to him by mistake and inadvertence. That he was overpaid thereby $11.12. 3rd. That on other accounts defendant is entitled to a credit of $13.80. That this sum is made up of small and numerous items, and involves the examination of very complicated accounts, of the sales of articles entrusted to plaintiff by defendant, and as to which he returned incorrect reports.

The prayer is for a reference to a motion to state an account, and any amount found due thereon to be a credit to defendant.

The reply was a substantial denial of the counterclaims.

Leaving out of view the question that this action was commenced before a justice of the peace, and that the court of common pleas had not original jurisdiction thereof, so as to entitle either party to appeal to the circuit court if the right to demand a jury therein did not exist, still we are of the opinion that this was a case in which by the issues raised either of the parties was entitled to a trial by jury, and that, therefore, it was not appealable to this court. The defenses were all legal or equitable ones, and could well be tried to a jury. The fact that the defendant alleged that there was a mistake in the settlement, and in making the payment, did not make it a case for appeal, nor did the prayer for an account. See Chapman v. Lee, 45 O. S., 356; Gunsaullus v. Pettit, 46 O. S., 27.

The motion will be granted, and the case stricken from the docket.

W. S. Little, for motion.

Mortimer Matthews, *contra.*